EDWIN A. LOMBARD, Judge.
 

 hThe appeal is from the judgment of the district court granting the plaintiffs Exception of Res Judicata. After review of the record
 
 [1]
 
 in light of the applicable law and arguments of the parties, we affirm the judgment of the trial court.
 

 
 *283
 

 Relevant Facts
 

 This matter arises out of a personal injury lawsuit filed in February 2006 by the plaintiff, Percy Payne, Jr., and naming as defendants, Keith Myers, individually, and Myers & Sons Enterprises, Inc. (“the Myers defendants”), as well as Fair City Event Center, LLC. On November 20, 2007, the trial court confirmed a default judgment against Keith Myers and Meyers & Sons. On November 29, 2007, the Myers defendants filed a motion for a new trial which was denied by the trial court on December 13, 2007. On January 14, 2008, the Myers defendants filed a motion for appeal from the denial of their motion for a new trial on the default judgment. This court affirmed the judgment of the trial court on February 4, 2009.
 
 Payne v. Myers, et al,
 
 08-0396 (La. 4 Cir.App.2008) (unpublished).
 

 12Meanwhile, however, on March 13, 2008, the Myers defendants filed a Petition for Nullity of Judgment, alleging that service was never made on the registered agent for service of process and that the domiciliary service return on Keith Meyers was not made in accordance with the law. On April 28, 2008, the plaintiff filed his Exception of Res Judicata, asserting that (1) the Myers defendants made a general appearance and filed their answer to the plaintiffs petition on November 29, 2007; (2) the Myers defendants’ answer failed to raise any declinatory exceptions, including insufficiency of citation or insufficiency of seiwice; (3) the Myers defendants raised the issue of sufficiency of service in their motion for a new trial filed on November 29, 2007; (4) the trial court denied the motion for a new trial on December 13, 2007, finding in its reasons for judgment that the record reflected that Keith Myers was served by domiciliary service on April 27, 2007, and that clearly there was proper service in this matter; and (5) a suspen-sive appeal from this judgment had been filed by the Myers defendants.
 

 The trial court granted the plaintiffs Exception of Res Judicata on August 18, 2008, and the Myers defendants are now before the court on appeal from that judgment. On appeal, the Myers defendants argue that (1) neither Myers & Sons nor Mr. Myers were properly served with citation and the petition; (2) none of the filings made on behalf of the Myers defendants waive the absence of proper service; and (3) no proceedings or ruling in the trial court has a
 
 res judicata
 
 effect on the validity of service.
 

 However, in
 
 Payne v. Myers,
 
 08-0396, 3 So.3d 92 (La. 4 Cir.App. 02/04/09) (appeal from denial of motion for new trial), this court held that the Myers defendants waived all rights to challenge the service of process upon them.
 
 Payne v. Myers,
 
 08-0396 at 6. Accordingly, we pretermit any further discussion of this issue.
 

 |
 
 .Conclusion
 

 The judgment of the trial court is affirmed.
 

 AFFIRMED.
 

 [1]
 

 . To the extent to which the record on appeal in this matter does not contain pertinent documents, we have relied on the court's recita-lion of facts in the related case of
 
 Payne v. Myers,
 
 08-0396, 3 So.3d 92 (La. 4 Cir.App. 02/04/09).